IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE INSURANCE EXCHANGE,<br>As Subrogee of MARYANN MEDVED,<br><br>Plaintiff,<br><br>vs.<br><br>DANBY PRODUCTS, INC., a Delaware Corporation; SEARS, ROEBUCK and Co., a New York Corporation; SEARS HOLDINGS CORPORATION, a Delaware Corporation; and SEARS,<br><br>Defendants,<br>vs.<br><br>DANBY PRODUCTS LIMITED and ELECTROLUX,<br><br>Third-Party Defendants | Civil Action No. 10-1271 |

AMBROSE, Senior District Judge

# OPINION AND
# ORDER OF THE COURT

### Synopsis

Third-party Defendant, Danby Products Limited ("Danby") moves to dismiss the third-party complaint (Docket No. 18) filed against it by Sears, Roebuck and Co., Sears Holdings Corp. and Sears (collectively, "Sears"). For the reasons set forth below, I grant Danby's motion to dismiss.

1

## I. Applicable Standards

In deciding a motion to dismiss under Fed R. Civ. P. 12(b)(6), all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Haspel v. State Farm Mut. Auto. Ins. Co., 2007 WL 2030272, at *1 (3d Cir. July 16, 2007). In the last two years, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). After the Supreme Court's opinion in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), "it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Fowler, 578 F.3d at 210 (quoting Iqbal, 129 S. Ct. at 1949).

> "[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. . . .Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-211 (citing Iqbal, 129 S. Ct. at 1950). "As the Supreme Court instructed in *Iqbal,* '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'"

Id. at 211 (quoting Iqbal, 129 S. Ct. at 1949).

II.  **Allegations Against Danby**[1]

Plaintiff Erie Insurance Exchange ("Erie"), as subrogee of Maryann Medved, brought an action against Sears and Danby Products, Inc. ("Danby Products") to recover monies paid to the homeowner under an insurance policy. More specifically, Erie alleges that, on or about June 3, 2000, Maryann Medved purchased a Kenmore Dehumidifier Model No. 46159490990 at a Sears department store for use in her home located in Lawrence County, Pennsylvania. (Docket No. 1-2, at ¶9.) The dehumidifier was designed, manufactured, produced, distributed and/or sold by Defendants Sears and Danby Products. (Id.) On or about August 30, 2008, a fire occurred at the Medved residence, resulting in significant property damage, damage to personal property and causing the Medved family to be displaced from their residence for an extended period of time. (Id. at ¶10.) Pursuant to its policy of insurance, Plaintiff made payments in the amount of $133,643.03 to Maryann Medved for the damages sustained in the fire. (Id. at ¶13.) Plaintiff asserted claims for negligence, strict liability and breach of warranty against Sears and Danby Products.

In the third-party complaint, Sears alleges that Danby Products has denied that it manufactured the dehumidifier. (Docket No. 18, at ¶4.) Sears further alleges that "due to the deteriorated condition of the subject dehumidifier after the house fire it was alleged to have started, at this time the Sears Defendants have been unable to reach a conclusive determination of the manufacturer's identity." (Id. at ¶6.) Sears concludes that "the Sears Defendants believe that Electrolux, [Danby] or original co-defendant Danby Products, Inc. may be the manufacturer of the subject dehumidifier." (Id. at ¶8.) Sears asserts one claim against Danby alleging that, in

---

[1] The third-party complaint incorporates by reference the allegations set forth in the original complaint (Docket No. 1-2). Accordingly, for purposes of this motion, I will consider the allegations set forth in both complaints.

the event that Sears is found liable to Erie, then Danby is "solely and/or jointly and severally liable to the Plaintiff, or in the alternative, is liable over to the Sears Defendants for indemnity and/or contribution." (Id. at ¶10.)

### III. Danby's Motion to Dismiss

Danby moves to dismiss the third-party complaint on the grounds that Sears has failed to allege any factual basis for Danby's liability. I agree. Sears has not alleged a single fact to support its conclusory allegation that Danby may be the manufacturer of the dehumidifier. Indeed, the only two facts alleged, that Sears cannot determine who manufactured the dehumidifier and that Danby Products has denied that it did so, undermine Sears' allegation that Danby may be the manufacturer.

As set forth in Part I above, a plaintiff must allege more than mere conclusory statements. The plaintiff must allege sufficient facts to state a plausible claim for relief. Here, Sears has failed to allege any facts in support of its claims against Danby. Accordingly, Danby's motion to dismiss is granted.[2]

In the event of dismissal, Sears requests the ability to amend its complaint. Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave when justice so requires." Accordingly, I grant Sears leave to amend its third-party complaint to allege specific facts supporting its claim against Danby.

### **Conclusion**

Based on the foregoing, Danby's motion to dismiss is granted. Sears is granted leave to

---

[2] Because Sears has failed to state a claim against Danby, I need not address Danby's additional argument that Sears may not assert a claim for sole or direct liability against Danby.

4

file an amended third-party complaint against Danby.

## **ORDER OF COURT**

Having carefully considered Danby's motion to dismiss [Docket Nos. 19, 20], Sears' response thereto [Docket Nos. 27-29], and Danby's reply [Docket No. 31], it is hereby ORDERED that Danby's motion to dismiss is GRANTED.  Sears may file an amended third-party complaint on or before July 15, 2011.

Dated:  June 21, 2011

BY THE COURT:

/s/Donetta W. Ambrose
Donetta W. Ambrose,
Senior U.S. District Judge