IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIE INSURANCE EXCHANGE,<br>As Subrogee of MARYANN MEDVED,<br><br>Plaintiff,<br><br>vs.<br><br>SEARS, ROEBUCK and<br>Co., a New York Corporation;<br>SEARS HOLDINGS CORPORATION, a<br>Delaware Corporation; and SEARS,<br><br>Defendants,<br>vs.<br><br>ELECTROLUX,<br><br>Third-Party Defendant | Civil Action No. 10-1271 |

AMBROSE, Senior District Judge

# OPINION AND
# ORDER OF THE COURT

## Synopsis

Third-party Defendant Electrolux moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings dismissing the third-party complaint (Docket No. 18) filed against it by Sears, Roebuck and Co., Sears Holdings Corp. and Sears (collectively, "Sears"). For the reasons set forth below, I grant Electrolux's motion. I further grant Sears leave to file an amended third party complaint.

## I. Applicable Standards

When a Rule 12(c) motion alleges a plaintiff's failure to state a claim upon which relief can be granted, the motion is analyzed under the same standard as a Rule 12(b)(6) motion to dismiss. Bangura v. City of Philadelphia, 338 Fed.Appx. 261, 264 (3d Cir. 2009) (citing Turbe v. Gov't of Virgin Islands, 938 F.2d 4227, 428 (3d Cir. 1991)). In deciding a motion to dismiss under Fed R. Civ. P. 12(b)(6), all factual allegations, and all reasonable inferences therefrom, must be accepted as true and viewed in a light most favorable to the plaintiff. Haspel v. State Farm Mut. Auto. Ins. Co., 2007 WL 2030272, at *1 (3d Cir. July 16, 2007). In the last two years, "pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). After the Supreme Court's opinion in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), "it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" Fowler, 578 F.3d at 210 (quoting Iqbal, 129 S. Ct. at 1949).

> "[A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. . . .Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 210-211 (citing Iqbal, 129 S. Ct. at 1950). "As the Supreme Court instructed in *Iqbal,* '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.'"

Id. at 211 (quoting Iqbal, 129 S. Ct. at 1949). Thus, "[a] motion for judgment on the pleadings, like a motion to dismiss, will be granted if the plaintiff has not articulated enough facts to raise a right to relief above the speculative level." Bangura, 338 Fed.Appx. at 264 (citing Bell Atlantic

Corp. v. Twombly, 550 U.S. 544 (2007)).

## II.     Allegations Against Electrolux[1]

Plaintiff Erie Insurance Exchange ("Erie"), as subrogee of Maryann Medved, brought an action against Sears and Danby Products, Inc. ("Danby Products") to recover monies paid to the homeowner under an insurance policy. More specifically, Erie alleges that, on or about June 3, 2000, Maryann Medved purchased a Kenmore Dehumidifier Model No. 46159490990 at a Sears department store for use in her home located in Lawrence County, Pennsylvania. (Docket No. 1-2, at ¶9.) The dehumidifier was designed, manufactured, produced, distributed and/or sold by Defendants Sears and Danby Products. (Id.) On or about August 30, 2008, a fire occurred at the Medved residence, resulting in significant property damage, damage to personal property and causing the Medved family to be displaced from their residence for an extended period of time. (Id. at ¶10.) Pursuant to its policy of insurance, Plaintiff made payments in the amount of $133,643.03 to Maryann Medved for the damages sustained in the fire. (Id. at ¶13.) Plaintiff asserted claims for negligence, strict liability and breach of warranty against Sears and Danby Products.

In the third-party complaint, Sears alleges that "due to the deteriorated condition of the subject dehumidifier after the house fire it was alleged to have started, at this time the Sears Defendants have been unable to reach a conclusive determination of the manufacturer's identity." (Docket No. 18, at ¶6.) Sears concludes that "the Sears Defendants believe that Electrolux, Danby Products Limited or original co-defendant Danby Products, Inc. may be the manufacturer of the subject dehumidifier." (Id. at ¶8.) Sears asserts one claim against Electrolux

---

[1] The third-party complaint incorporates by reference the allegations set forth in the original complaint (Docket No. 1-2). Accordingly, for purposes of this motion, I will consider the allegations set forth in both complaints.

3

alleging that, in the event that Sears is found liable to Erie, then Electrolux is "solely and/or jointly and severally liable to the Plaintiff, or in the alternative, is liable over to the Sears Defendants for indemnity and/or contribution." (Id. at ¶12.)

### III. Electrolux Motion to Dismiss

Electrolux's motion for judgment on the pleadings relies on my Opinion and Order, dated June 21, 2011 (Docket No. 33), granting Danby Products Limited's ("Danby") motion to dismiss the third-party complaint ("Danby Order"). In the Danby Order, I explained that "Sears has not alleged a single fact to support its conclusory allegation that Danby may be the manufacturer of the dehumidifier. Indeed, the only two facts alleged, that Sears cannot determine who manufactured the dehumidifier and that Danby Products has denied that it did so, undermine Sears' allegation that Danby may be the manufacturer." Docket No. 33, at 4.[2]

That same reasoning applies to Electrolux's motion. Sears has alleged no facts in support of its conclusory allegation that Electrolux "may" be the manufacturer of the humidifier. In its answer to the Third Amended Complaint, Electrolux also denied that it was the manufacturer of the humidifier. (See Docket No. 32, at ¶¶11-12.) Accordingly, Electrolux is entitled to judgment on the pleadings dismissing the Third Party Complaint against it.

In the event of dismissal, Sears requests the ability to amend its third-party complaint. Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave when justice so requires." Sears argues in its opposition to the present motion that discovery has revealed that the model number listed in the humidifier's owner's manual identifies Electrolux as

---

[2] I also granted Sears leave to file an amended third party complaint against Danby. Sears did not file an amended third party complaint. By stipulation and order, dated August 2, 2011, I dismissed with prejudice all claims against Defendant Danby Products and Third Party Defendant Danby Products Limited. (Docket No. 55.)

4

the manufacturer of the humidifier. (Docket No. 39, at ¶14.) This alleged fact, if included in an amended third party complaint, would satisfy the pleading requirements for Sears' claim against Electrolux. Accordingly, I grant Sears leave to amend its third-party complaint to allege specific facts supporting its claim against Electrolux.

## **Conclusion**

Based on the foregoing, Electrolux's motion for judgment on the pleadings is granted. Sears is granted leave to file an amended third-party complaint against Electrolux.

## **ORDER OF COURT**

Having carefully considered Electrolux's motion for judgment on the pleadings [Docket Nos. 36, 37], and Sears' response thereto [Docket Nos. 39-40], it is hereby ORDERED that Electrolux's motion for judgment on the pleadings is GRANTED. Sears may file an amended third-party complaint on or before December 16, 2011. A pretrial/settlement conference is scheduled for December 20, 2011 at 10:00.

Dated: December 8, 2011

>BY THE COURT:
>
>/s/Donetta W. Ambrose
>Donetta W. Ambrose,
>Senior U.S. District Judge